Frederick B. Warder, III
Peter W. Tomlinson
Patterson, Belknap, Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Attorneys for Plaintiff
  The Princeton Review, Inc.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE PRINCETON REVIEW, INC., <br><br>          Plaintiff, <br><br> v. <br><br> CHARLES F. EMMONS, SR., <br> CHARLES F. EMMONS, JR., and <br> HUNTER EDUCATIONAL SERVICES, INC., <br><br>          Defendants. | 05 CV 4478 <br><br> COMPLAINT FOR <br> DECLARATORY JUDGMENT |



## NATURE OF ACTION

1.  Pursuant to 28 U.S.C. § 2201, Plaintiff The Princeton Review, Inc. ("TPR") seeks a declaratory judgment that if Defendants Charles F. Emmons, Sr., Charles F. Emmons, Jr. and Hunter Educational Services, Inc. (collectively, "Hunter") fail to execute a new franchise agreement in the form currently offered by TPR to new franchisees at least 120 days before the expiration of Hunter's existing franchise agreement, Hunter will fail to meet a condition of, and will waive any right to, renewal of its license, and its franchise relationship with TPR will come to an end when its existing franchise agreement expires on December 31, 2005.

## PARTIES, JURISDICTION AND VENUE

2. TPR is a Delaware corporation with its principal place of business in New York at 2315 Broadway, New York, New York.

3. Defendants Charles F. ("Carl") Emmons, Sr. and Charles F. ("Chase") Emmons, Jr. are citizens of Massachusetts. Defendant Hunter Educational Services, Inc. is a Massachusetts corporation with its principal place of business in Massachusetts.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332. The plaintiff and the defendants are citizens of different states, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claim occurred in this district and a substantial part of the property that is the subject of the action is located in this district.

## BACKGROUND

6. TPR provides classroom-based, print, and online products and services to students, parents, educators, and educational institutions. The company's Test Preparation Services division, founded in 1981, provides classroom-based and online test preparation courses and tutoring to students preparing for the SAT, GMAT, MCAT, LSAT, GRE and other standardized tests. As part of its business, TPR has franchised Hunter and others to use the THE PRINCETON REVIEW name and test preparation system. In 2004, TPR and its franchisees provided classroom-based test preparation services under the service mark THE PRINCETON REVIEW to more than 120,000 students at over 1,000 course locations in the U.S. and abroad. There are sixteen THE PRINCETON REVIEW franchise agreements currently in effect in the United States.

7.      Hunter operates a THE PRINCETON REVIEW franchise in the counties of Berkshire, Hampshire, Franklin and Hampden in Massachusetts pursuant to a franchise agreement dated July 11, 1987, as amended and assigned (the "Franchise Agreement"). A true and correct copy of the Franchise Agreement is attached hereto as Exhibit A.

8.      Hunter's Franchise Agreement was originally for a term of 10 years, but was extended by a 1995 addendum to expire on December 31, 2005, the same date on which most of TPR's other domestic franchise agreements will expire.

9.      Pursuant to Section I.B. of the Franchise Agreement, Hunter, like TPR's other franchisees, has the option to renew its franchise relationship with TPR for successive ten-year terms, provided that certain specific conditions are met. One of those express conditions is the following:

> Franchisee executes no later than one hundred twenty (120) days prior to the expiration of the term of this Agreement or any renewal or extension hereof a renewal agreement on the terms and conditions then being offered to new franchisees, except that (a) no initial franchise fee shall be payable by Franchisee upon renewal; and (b) periodic payments shall be of no higher percentages nor be payable more frequently than those provided by this Agreement; and (c) reporting and/or record keeping requirements shall be no more extensive or frequent than those provided by this Agreement.

Ex. A, § I.B.3. Thus, in order to exercise the renewal option, Hunter must, among other things, execute a renewal agreement, the terms and conditions of which may differ from the existing Franchise Agreement except for the three items specified in Section I.B.3.

10.     Because Hunter's Franchise Agreement has been in effect for more than 15 years, TPR's right to update and reset the terms of its relationship with Hunter through extension of that relationship only on the terms of TPR's current franchise agreement is critical to TPR's ability to develop and refine its business to account for changes over the years in market conditions and competition.

11. Moreover, if Hunter will not be renewing its relationship with TPR on the terms of TPR's current franchise agreement, TPR must have the 120 days notice afforded by Hunter's Franchise Agreement in order to be prepared to enter Hunter's territory with replacement THE PRINCETON REVIEW offices to retain the goodwill that has been developed in that territory under TPR's marks.

12. On May 2, 2005, Hunter notified TPR that Hunter intends to exercise its option to renew the franchise relationship. Hunter's notice expressly references Section I.B. of the Franchise Agreement, but declares that Hunter intends "to renew under the same terms and conditions as the current Franchise Agreement" and then proceeds to assert contract rights for Hunter that would go well beyond Hunter's rights in the current Franchise Agreement. The notice clearly indicates that Hunter does not intend to sign the form of franchise agreement currently being offered to new franchisees. A true and correct copy of the May 2, 2005 notice is attached hereto as Exhibit B.

13. TPR is prepared to enter into a renewal agreement with Hunter on the terms and conditions currently being offered by TPR to new and renewing franchisees (taking into account the exceptions set forth in Section I.B.3. of the Franchise Agreement) to be effective upon the expiration of the Franchise Agreement on December 31, 2005. A true and correct copy of TPR's April 25, 2005 Franchise Offering Circular, which contains the form of franchise agreement currently being offered by TPR to new and renewing franchisees, is attached hereto as Exhibit C.

14. TPR does not intend to renew its franchise relationship with Hunter unless Hunter complies with the conditions set forth in the Franchise Agreement, including the execution by Hunter of a new franchise agreement in the form and within the time period required.

15. In order to resolve these issues before either party is prejudiced, the parties require a ruling on their respective rights on or before September 1, 2005. Thus, this is a matter of considerable urgency.

## COUNT I
### (Declaratory Judgment)

16. TPR incorporates the allegations contained in Paragraphs 1 through 15 above as though fully restated herein.

17. As described above, Hunter has indicated that it will fail to satisfy a required condition to the exercise of its option to renew its franchise relationship with TPR.

18. Hunter's refusal to satisfy a condition of renewal expressly set forth in the Franchise Agreement relieves TPR of any obligation to renew Hunter's franchise beyond the end of the current term of the Franchise Agreement, and waives Hunter's right to any such renewal.

19. An actual and justiciable controversy exists between TPR and Hunter with regard to their respective rights and obligations in connection with Hunter's purported exercise of its renewal option.

## PRAYER FOR RELIEF

TPR demands judgment against Hunter as follows:

1. For a declaration that (a) Hunter is entitled to renew the franchise relationship with TPR only if Hunter meets the conditions set forth in Section I.B.3 of the Franchise Agreement; and (b) if Hunter fails to enter into a renewal agreement in the form attached as Exhibit C at least 120 days before the expiration of Hunter's existing Franchise Agreement, TPR will no longer be obligated to renew its franchise relationship with Hunter, and Hunter's

franchise relationship with TPR will come to an end upon the expiration of Hunter's existing Franchise Agreement on December 31, 2005.

    2.    For such other and further relief as the Court may deem just and proper.

Dated: May 6, 2005

    PATTERSON, BELKNAP, WEBB & TYLER LLP

By: _____
Frederick B. Warder, III (FW 5348)
Peter W. Tomlinson (PT 0669)
1133 Avenue of the Americas
New York, NY 10036
(212) 336-2000  (telephone)
(212) 336-2222  (facsimile)

Of counsel:

Peter J. Klarfeld (PK 5952)
Tanja E. Hens (TH 9124)
WILEY REIN & FIELDING LLP
1776 K Street, NW
Washington, DC 20006
(202) 719-7000  (telephone)
(202) 719-7049  (facsimile)

Attorneys for Plaintiff
The Princeton Review, Inc.