# THE PRINCETON REVIEW FRANCHISES – U.S.A.

## As of December 31, 2004

### California

Anaheim
Paul Kanarek
The Princeton Review of Orange County, Inc.
2151 Michelson Drive
Irvine, California 92612-1330

Los Angeles
L. Eric Cotsen
Lecomp Co., Inc.
Suite 400
11040 Santa Monica Blvd
Los Angeles, CA 90025-7515

San Diego
Julie Smith, President
Test Services, Inc.
2000 South Colorado Boulevard
Tower 2, Suite 800
Denver, Colorado 80222

### Colorado

Denver
Julie Smith, President
Test Services, Inc.
2000 South Colorado Boulevard
Tower 2, Suite 800
Denver, Colorado 80222

### Connecticut

Fairfield
Julie Smith, President
Test Services, Inc.
2000 South Colorado Boulevard
Tower 2, Suite 800
Denver, Colorado 80222

Hartford                Julie Smith, President
                        Test Services, Inc.
                        2000 South Colorado Boulevard
                        Tower 2, Suite 800
                        Denver, Colorado 80222


## Florida

Miami                   Julie Smith, President
                        Test Services, Inc.
                        2000 South Colorado Boulevard
                        Tower 2, Suite 800
                        Denver, Colorado 80222


Orlando                 Julie Smith, President
                        Test Services, Inc.
                        2000 South Colorado Boulevard
                        Tower 2, Suite 800
                        Denver, Colorado 80222


## Massachusetts

Amherst                 Charles F. Emmons, Jr.
                        Hunter Educational Services, Inc.
                        457 Montague Rd.
                        Sunderland, Massachusetts 01375


## Michigan

Detroit                     Julie Smith, President
                        Test Services, Inc.
                        2000 South Colorado Boulevard
                        Tower 2, Suite 800
                        Denver, Colorado 80222


## Nevada

Las Vegas               Julie Smith, President
                        Test Services, Inc.
                        2000 South Colorado Boulevard
                        Tower 2, Suite 800
                        Denver, Colorado 80222

## New York

Westchester

Julie Smith, President
Test Services, Inc.
2000 South Colorado Boulevard
Tower 2, Suite 800
Denver, Colorado 80222

## Ohio

Cleveland

Julie Smith, President
Test Services, Inc.
2000 South Colorado Boulevard
Tower 2, Suite 800
Denver, Colorado 80222

## Pennsylvania

Pittsburgh

James Weinberg & Audrey Olmer
The Princeton Review of Pittsburgh, Inc.
2437 Cougar Trail
South Lake Tahoe, California 96150

## Rhode Island

Providence

Paul Stouber
The Princeton Review of Rhode Island, Inc.
189 Governor Street, Suite 103
Providence, Rhode Island 02906

## Tennessee

Nashville

F. Wade McKinney
Stephen A. Leake
The Kafiristan Blokes
110 21st Avenue South, Suite 106
Nashville, TN  37205

**EXHIBIT D**

**STATE FRANCHISE ADMINISTRATORS**

# LIST OF STATE ADMINISTRATORS

**California:**

Department of Corporations
1-866-275-2677

**Los Angeles**

320 West 4th Street, Suite 750
Los Angeles, CA  90013-2344
(213) 576-7500

**Sacramento**

1515 K Street, Suite 200
Sacramento, CA  95814-4052
(916) 445-7205

**San Diego**

1350 Front Street, Room 2034
San Diego, CA  92101-3697
(619) 525-4233

**San Francisco**

71 Stevenson Street, Suite 2100
San Francisco, CA  94105-2980
(415) 972-8559

**Hawaii:**

Corinna M. Wong
Commissioner of Securities
Department of Commerce
 and Consumer Affairs
335 Merchant Street, 3rd Floor
Honolulu, HI  96813
(808) 586-2744

**Illinois:**

Lisa Madigan
Illinois Attorney General
500 South Second Street
Springfield, IL  62706
(217) 782-4465

**Indiana:**

James A. Joven
Securities Commissioner
Securities Division
Room E-111
302 West Washington Street
Indianapolis, IN  46204
(317) 232-6681

**Maryland:**

Office of the Attorney General
Division of Securities
200 St. Paul Place
Baltimore, MD  21202-2020
(410) 576-6360

**Michigan:**

Katharyn Barron
Franchise Administrator
Antitrust and Franchise Unit
Consumer Protection Division
Department of Attorney General
670 Law Building
525 W. Ottawa Street
Lansing, MI  48913
(517) 373-7117

**Minnesota:**

Glenn Wilson
Commissioner
Department of Commerce
85 7th Place East, Suite 500
St. Paul, MN  55101
(651) 296-6328

**New York:**

Joseph Punturo, Esq.
First Assistant Attorney General
New York State Department of Law
Bureau of Investor Protection
  and Securities
120 Broadway, 23rd Floor
New York, NY  10271
(212) 416-8211

**North Dakota:**

Diane Lillis
Franchise Examiner
North Dakota Securities Department
State Capitol, 5th Floor
600 East Boulevard Avenue
Bismarck, ND  58505-0510
(701) 328-2910

**Oregon:**

Floyd G. Lanter
Administrator
Div. of Finance & Corp. Securities
Department of Consumer &
  Business Services, Room 410
350 Winter Street, NE
Salem, OR 97301-3881
(503) 378-4140

**Rhode Island:**

Maria G'Allessandro Piccirilli
Associate Director and Superintendent
  of Securities
Securities Division
Department of Business Regulation
233 Richmond Street, Suite 232
Providence, RI  02903-4232
(401) 222-3048

**South Dakota:**

Franchise Administrator
Division of Securities
Department of Revenue & Regulation
445 East Capitol Avenue
Pierre, SD  57501
(605) 773-4823

**Virginia:**

State Corporation Commission
Division of Securities &
  Retail Franchising
1300 East Main Street, 9th Floor
Richmond, VA  23219
(804) 371-9051

**Washington:**

Deborah R. Bortner
Director of Securities
Securities Division
Department of Financial Institutions
150 Israel Road, SW
Olympia, WA  98501
(360) 902-8760

**Wisconsin:**

Mary Gabriel
Franchise Examiner
Division of Securities
Department of Financial
  Institutions, 4th Floor
345 W. Washington Avenue
Madison, WI  53703
(608) 266-8557

**EXHIBIT E**

**AGENTS FOR SERVICE OF PROCESS**

**California:**

California Corporations Commissioner
Department of Corporations
320 West 4th Street
Los Angeles, CA  90013-2344


**Michigan:**

Michigan Department of Commerce
Corporations and Securities Bureau
670 Law Building
Lansing, MI  48913


**New York:**

Secretary of State
New York State Department of State
41 State Street
Albany, NY  12231


**Rhode Island:**

Director, Division of Securities
Department of Business Regulation
233 Richmond Street, Suite 232
Providence, RI  02903

**EXHIBIT F**

**ADDITIONAL STATE-REQUIRED DISCLOSURES**

The additional disclosures set out below apply only if the jurisdictional requirements of the applicable state franchise law are met.

## INFORMATION REQUIRED
## BY THE STATE OF CALIFORNIA

The following information is added to the offering circular for California residents:

THE CALIFORNIA FRANCHISE INVESTMENT LAW REQUIRES THAT A COPY OF ALL PROPOSED AGREEMENTS RELATING TO THE SALE OF THE FRANCHISE BE DELIVERED TOGETHER WITH THE OFFERING CIRCULAR.

See the cover page of the offering circular for the The Princeton Review, Inc. website address.  THE WEBSITE HAS NOT BEEN REVIEWED OR APPROVED BY THE CALIFORNIA DEPARTMENT OF CORPORATIONS.  ANY COMPLAINTS CONCERNING THE CONTENTS OF THIS WEBSITE MAY BE DIRECTED TO THE CALIFORNIA DEPARTMENT OF CORPORATIONS AT WWW.CORP.CA.GOV.

**Item 3, Additional Disclosure.**  The following is added to Item 3 of the offering circular:

Neither we, nor any person identified in Item 2 above, is subject to any currently effective order of any national securities association or national securities exchange (as defined in the Securities and Exchange Act of 1934, 15 U.S.C. § 78a, *et seq.*) suspending or expelling such person from membership in the association or exchange.

**Item 17, Additional Disclosures.**  The following is added to Item 17 of the offering circular:

California Business and Professions Code Sections 20000 through 20043 provide rights to the franchisee concerning termination or non-renewal of a franchise.  If the Franchise Agreement contains a provision that is inconsistent with the law, the law will control.

The Franchise Agreement provides for termination upon bankruptcy.  This provision may not be enforceable under federal bankruptcy law (11 U.S.C. § 101, *et seq.*).

The Franchise Agreement contains a covenant not to compete which extends beyond the termination of the agreement.  This provision may not be enforceable under California law.

The Franchise Agreement requires application of the laws of the state of New York.  This provision may not be enforceable under California law.

You must sign a general release if you renew or transfer your franchise.  A release may not be enforceable under California law.  California Corporations Code Section 31512 voids a waiver of your rights under the Franchise Investment Law (California Corporations Code Sections 31000 through 31516).  Business and Professional Code Section 21000 voids a waiver of your rights under the Franchise Relations Act (Business and Professions Code Sections 20000 through 20043).

Section 31125 of the California Corporations Code requires us to give you a disclosure document, in a form containing the information that the Commissioner may by rule or order require, before a solicitation of a proposed material modification of an existing franchise.

**INFORMATION REQUIRED
BY THE STATE OF MICHIGAN**

The following is added to the offering circular for Michigan residents:

**THE STATE OF MICHIGAN PROHIBITS CERTAIN UNFAIR PROVISIONS THAT ARE SOMETIMES IN FRANCHISE DOCUMENTS. IF ANY OF THE FOLLOWING PROVISIONS ARE IN THESE FRANCHISE DOCUMENTS, THE PROVISIONS ARE VOID AND CANNOT BE ENFORCED AGAINST YOU.**

Each of the following provisions is void and unenforceable if contained in any documents relating to a franchise:

(a)     A prohibition of the right of a franchisee to join an association of franchisees.

(b)     A requirement that a franchisee assent to a release, assignment, novation, waiver, or estoppel which deprives a franchisee of rights and protections provided in the Michigan Franchise Investment Law. This shall not preclude a franchisee, after entering into a Franchise Agreement, from settling any and all claims.

(c)     A provision that permits a Franchisor to terminate a franchise prior to the expiration of its term except for good cause. Good cause shall include the failure of the franchisee to comply with any lawful provision of the franchise agreement and to cure such failure after being given written notice thereof and a reasonable opportunity, which in no event need be more than 30 days, to cure such failure.

(d)     A provision that permits a Franchisor to refuse to renew a franchise without fairly compensating the franchisee by repurchase or other means for the fair market value at the time of expiration of the franchisee's inventory, supplies, equipment, fixtures, and furnishings. Personalized materials which have no value to the Franchisor and inventory, supplies, equipment, fixtures, and furnishings not reasonably required in the conduct of the franchise business are not subject to compensation. This subsection applies only if: (i) The term of the franchise is less than 5 years; and (ii) the franchisee is prohibited by the franchise or other agreement from continuing to conduct substantially the same business under another trademark, service mark, trade name, logotype, advertising, or other commercial symbol in the same area subsequent to the expiration of the franchise or the franchisee does not receive at least 6 months advance notice of Franchisor's intent not to renew the franchise.

(e)     A provision that permits the Franchisor to refuse to renew a franchise on terms generally available to other franchisees of the same class or type under similar circumstances. This section does not require a renewal provision.

(f)     A provision requiring that arbitration or litigation be conducted outside this state. This shall not preclude the franchisee from entering into an agreement, at the time of arbitration, to conduct arbitration at a location outside this state.

(g)     A provision which permits a Franchisor to refuse to permit a transfer of ownership of a franchise, except for good cause. This subdivision does not prevent a Franchisor from exercising a right of first refusal to purchase the franchise. Good cause shall include, but is not limited to:

(i)      The failure of the proposed transferee to meet the Franchisor's then current reasonable qualifications or standards.

(ii)      The fact that the proposed transferee is a competitor of the Franchisor or subfranchisor.

(iii)     The unwillingness of the proposed transferee to agree in writing to comply with all lawful obligations.

(iv)     The failure of the franchisee or proposed transferee to pay any sums owing to the Franchisor or to cure any default in the franchise agreement existing at the time of the proposed transfer.

(h)      A provision that requires the franchisee to resell to the Franchisor items that are not uniquely identified with the Franchisor.  This subdivision does not prohibit a provision that grants to a Franchisor a right of first refusal to purchase the assets of a franchise on the same terms and conditions as a bona fide third party willing and able to purchase those assets, nor does this subdivision prohibit a provision that grants the Franchisor the right to acquire the assets of a franchise for the market or appraised value of such assets if the franchisee has breached the lawful provisions of the franchise agreement and has failed to cure the breach in the manner provided in subdivision (c).

(i)      A provision which permits the Franchisor to directly or indirectly convey, assign, or otherwise transfer its obligations to fulfill contractual obligations to the franchisee unless provision has been made for providing the required contractual services.

**THE FACT THAT THERE IS A NOTICE OF THIS OFFERING ON FILE WITH THE ATTORNEY GENERAL DOES NOT CONSTITUTE APPROVAL, RECOMMENDATION, OR ENDORSEMENT BY THE ATTORNEY GENERAL.**

Any questions regarding this Notice shall be directed to the Department of Attorney General, Consumer Protection Division, 670 Law Building, 525 West Ottawa Street, Lansing, Michigan 48913 (517) 373-7117.

## INFORMATION REQUIRED
## BY THE STATE OF NEW YORK

The following is added to the offering circular for New York residents:

### Cover page, Additional Disclosures

INFORMATION COMPARING FRANCHISORS IS AVAILABLE.  CALL THE STATE ADMINISTRATORS LISTED IN EXHIBIT I OR YOUR PUBLIC LIBRARY FOR SOURCES OF INFORMATION.  REGISTRATION OF THIS FRANCHISE BY NEW YORK STATE DOES NOT MEAN THAT NEW YORK STATE RECOMMENDS IT OR HAS VERIFIED THE INFORMATION IN THIS OFFERING CIRCULAR.  IF YOU LEARN THAT ANYTHING IN THE OFFERING CIRCULAR IS UNTRUE, CONTACT THE FEDERAL TRADE COMMISSION AND NEW YORK STATE DEPARTMENT OF LAW, BUREAU OF INVESTOR PROTECTION AND SECURITIES, 120 BROADWAY, 23RD FLOOR, NEW YORK, NEW YORK 10271.

THE FRANCHISOR MAY, IF IT CHOOSES, NEGOTIATE WITH YOU ABOUT ITEMS COVERED IN THE PROSPECTUS.  HOWEVER, THE FRANCHISOR CANNOT USE THE NEGOTIATING PROCESS TO PREVAIL UPON A PROSPECTIVE FRANCHISEE TO ACCEPT TERMS WHICH ARE LESS FAVORABLE THAN THOSE SET FORTH IN THIS PROSPECTUS.

### Item 3, Additional Disclosures

Except as described in Item 3:

1.      Neither we, nor any of our predecessors, nor any person identified in Item 2 above, nor any affiliate offering franchises under our trademarks, has any administrative, criminal, or a material civil or arbitration action pending against him alleging a violation of any franchise law, fraud, embezzlement, fraudulent conversion, restraint of trade, unfair or deceptive practices, misappropriation of property, or comparable allegations.

2.      Neither we, nor any of our predecessors, nor any person identified in Item 2 above, nor any affiliate offering franchises under our trademarks, has been convicted of a felony or pleaded nolo contendere to any other felony charge or, during the ten-year period immediately preceding the application for registration, been convicted of a misdemeanor or pleaded nolo contendere to any misdemeanor charge or been found liable in an arbitration proceeding or a civil action by final judgment, or been the subject of any other material complaint or legal or arbitration proceeding if such misdemeanor conviction or charge, civil action, complaint, or other such proceeding involved a violation of any franchise law, securities law, fraud, embezzlement, fraudulent conversion, restraint of trade, unfair or deceptive practices, misappropriation of property, or comparable allegation.

3.      Neither we, nor any of our predecessors, nor any person identified in Item 2 above, nor any affiliate offering franchises under our trademarks, is subject to any currently effective injunctive or restrictive order or decree relating to franchises, or under any federal, state, or Canadian franchise, securities, antitrust, trade regulation, or trade practice law as a result of a concluded or pending action or proceeding brought by a public agency; or is subject to any currently effective order of any national securities association or national securities exchange, as defined in the Securities and Exchange Act of 1934, suspending or expelling such person from membership in such association or exchange; or is subject to a currently

effective injunctive or restrictive order relating to any other business activity as a result of an action brought by a public agency or department, including, without limitation, actions affecting a license as a real estate broker or sales agent.

## Item 4, Additional Disclosure

Neither we, nor any of our predecessors, affiliates, officers, or general partners, during the 10-year period immediately before the date of the offering circular: (a) filed as debtor (or had filed against it) a petition to start an action under the U.S. Bankruptcy Code; (b) obtained a discharge of its debts under the Bankruptcy Code; or (c) was a principal officer of a company or a general partner in a partnership that either filed as a debtor (or had filed against it) a petition to start an action under the U.S. Bankruptcy Code or that obtained a discharge of its debts under the U.S. Bankruptcy Code during or within one year after the officer or general partner held this position in the company or partnership.

## Item 5, Additional Disclosure

We use franchise fees to defray our costs of training and assisting franchisees to start business.  A portion of the franchise fees may be profit to us.

## Item 17, Additional Disclosures

We will not assign our rights under the Franchise Agreement except to an assignee who in our good faith and judgment is willing and able to assume our obligations under the Franchise Agreement.

You must sign a general release if you enter a successor Franchise Agreement or if you transfer your franchise.  These provisions may not apply to any liability under the New York Franchise Law.

The New York General Business Law, Article 33, Sections 680 through 695 may supersede any provision of the Franchise Agreement inconsistent with that law.

You may terminate the Franchise Agreement upon any grounds available by law.

## Additional Information

There are circumstances in which an offering made by us would not fall within the scope of the New York General Business Law, Article 33, such as when the offer and acceptance occurred outside the state of New York.  However, an offer or sale is deemed made in New York if the franchisee is domiciled in or if the franchise will be opened in New York.  We are required to furnish a New York prospectus to every prospective franchisee who is protected under the New York General Business Law, Article 33.

## INFORMATION REQUIRED
## BY THE STATE OF RHODE ISLAND

The following is added to the offering circular for Rhode Island residents:

### Item 17, Additional Disclosure

§ 19-28.1-14 of the Rhode Island Franchise Investment Act states:  "A provision in the Franchise Agreement restricting jurisdiction or venue to a forum outside this state or requiring the application of the laws of another state is void with respect to a claim otherwise enforceable under this Act."

## RECEIPT

THIS OFFERING CIRCULAR SUMMARIZES CERTAIN PROVISIONS OF THE FRANCHISE AGREEMENT AND OTHER INFORMATION IN PLAIN LANGUAGE.  READ THIS OFFERING CIRCULAR AND ALL AGREEMENTS CAREFULLY.

IF WE OFFER YOU A FRANCHISE, WE MUST PROVIDE YOU AN OFFERING CIRCULAR BY THE EARLIEST OF:

      (1) THE FIRST PERSONAL MEETING TO DISCUSS OUR FRANCHISE; OR

      (2) TEN BUSINESS DAYS (14 CALENDAR DAYS, IN ILLINOIS) BEFORE YOU SIGN OF A BINDING AGREEMENT; OR

      (3) TEN BUSINESS DAYS (14 CALENDAR DAYS, IN ILLINOIS) BEFORE YOU MAKE ANY PAYMENT TO US.

YOU MUST ALSO RECEIVE A FRANCHISE AGREEMENT CONTAINING ALL MATERIAL TERMS AT LEAST FIVE BUSINESS DAYS BEFORE YOU SIGN THE FRANCHISE AGREEMENT.

IF WE DO NOT DELIVER THIS OFFERING CIRCULAR ON TIME OR IF IT CONTAINS A FALSE OR MISLEADING STATEMENT, OR A MATERIAL OMISSION, A VIOLATION OF FEDERAL AND STATE LAW MAY HAVE OCCURRED AND SHOULD BE REPORTED TO THE FEDERAL TRADE COMMISSION, WASHINGTON, DC  20580 AND TO THE APPROPRIATE STATE ADMINISTRATOR LISTED IN EXHIBIT D.

OUR AGENT FOR SERVICE OF PROCESS IN YOUR STATE, IF ANY, IS LISTED IN EXHIBIT E.

I have received a copy of the THE PRINCETON REVIEW Franchise Offering Circular dated April 25, 2005.  This Offering Circular included the following exhibits:  A. Franchise Agreement and State-Required Addenda;  B. Financial Statements; C. List of U.S. Franchisees;  D. State Franchise Administrators; E. Agents for Service of Process; and F. Additional State-Required Disclosures.


_____     _____
Date Offering Circular Received           Date Offering Circular Received


_____     _____
Print Name                         Print Name


_____     _____
Signature                          Signature


_____     _____
Address                            Address


_____     _____
City        State       Zip Code      City        State       Zip Code


**TO BE RETAINED BY YOU**

## RECEIPT

THIS OFFERING CIRCULAR SUMMARIZES CERTAIN PROVISIONS OF THE FRANCHISE AGREEMENT AND OTHER INFORMATION IN PLAIN LANGUAGE.   READ THIS OFFERING CIRCULAR AND ALL AGREEMENTS CAREFULLY.

IF WE OFFER YOU A FRANCHISE, WE MUST PROVIDE YOU AN OFFERING CIRCULAR BY THE EARLIEST OF:

  (1) THE FIRST PERSONAL MEETING TO DISCUSS OUR FRANCHISE; OR

  (2) TEN BUSINESS DAYS (14 CALENDAR DAYS, IN ILLINOIS) BEFORE YOU SIGN OF A BINDING AGREEMENT; OR

  (3) TEN BUSINESS DAYS (14 CALENDAR DAYS, IN ILLINOIS) BEFORE YOU MAKE ANY PAYMENT TO US.

YOU MUST ALSO RECEIVE A FRANCHISE AGREEMENT CONTAINING ALL MATERIAL TERMS AT LEAST FIVE BUSINESS DAYS BEFORE YOU SIGN THE FRANCHISE AGREEMENT.

IF WE DO NOT DELIVER THIS OFFERING CIRCULAR ON TIME OR IF IT CONTAINS A FALSE OR MISLEADING STATEMENT, OR A MATERIAL OMISSION, A VIOLATION OF FEDERAL AND STATE LAW MAY HAVE OCCURRED AND SHOULD BE REPORTED TO THE FEDERAL TRADE COMMISSION, WASHINGTON, DC  20580 AND TO THE APPROPRIATE STATE ADMINISTRATOR LISTED IN EXHIBIT D.

OUR AGENT FOR SERVICE OF PROCESS IN YOUR STATE, IF ANY, IS LISTED IN EXHIBIT E.

I have received a copy of the THE PRINCETON REVIEW Franchise Offering Circular dated April 25, 2005.  This Offering Circular included the following exhibits:  A. Franchise Agreement and State-Required Addenda;  B. Financial Statements; C. List of U.S. Franchisees;  D. State Franchise Administrators;  E. Agents for Service of Process; and F. Additional State-Required Disclosures.


_____          _____
Date Offering Circular Received          Date Offering Circular Received


_____          _____
Print Name                               Print Name


_____          _____
Signature                                Signature


_____          _____
Address                                  Address


_____          _____
City          State     Zip Code         City          State      Zip Code


**TO BE RETURNED TO US**

The Princeton Review - UFOC - 04/05